```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

GERALD J. CARTER,

        Plaintiff,

v.                                         Case No. 3:18-cv-1414-J-25JRK

WARDEN REDDISH, et al.,

        Defendants.

_____

## ORDER

Plaintiff, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. Plaintiff also filed a motion to proceed in forma pauperis (Doc. 2). He names the following individuals as defendants: Warden Reddish, Captain Blitch, Sergeant Porr, Sergeant Scott, Officer J. Rehill, Officer J. Kelly, and Dr. Espino Gonzalo.[1] Plaintiff asserts claims under the Eighth and Fourteenth Amendments for an alleged excessive use of force by defendants Blitch, Porr, Scott, Rehill, and Kelly, while he was incarcerated at Florida State Prison (FSP). As relief, he seeks damages and transfer to a different correctional institution.

---

[1] Upon a review of the grievance documents Plaintiff provides in support of his Complaint (Doc. 1-1), it appears that the last-named defendant is "G. Espino, M.D." In this Order, the Court will reference this defendant by the name Plaintiff provides in his Complaint.

Plaintiff's Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court may dismiss a complaint that, among other reasons, fails to state a claim upon which relief may be granted. Upon review of the Complaint, the Court opines that Plaintiff has failed to set forth his claims sufficiently to enable the Court to engage in a proper review under § 1915(e)(2)(B) or to enable defendants to respond. Thus, if Plaintiff desires to proceed with his claims, he must file an amended complaint on the enclosed civil rights complaint form and in compliance with federal pleading standards.

Federal Rule of Civil Procedure 8(a) requires a pleading to include a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 10(b) requires all averments of the claim be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To survive dismissal, a complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." Id. Plaintiff is advised that a viable claim under 42 U.S.C. § 1983 requires a plaintiff to establish two essential elements: the conduct complained of was committed by a person acting under color of state law, and this conduct deprived

the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

With respect to the Fourteenth Amendment due process claim, Plaintiff does not clearly explain the basis for the claim or the defendants allegedly responsible. Plaintiff states that "a disciplinary report was fabricated," though he does not say who fabricated it, nor does he provide facts to support this conclusory assertion. To the extent Plaintiff intends to pursue a claim based on his loss of gain time and placement in disciplinary confinement, he is advised that serving time in disciplinary confinement does not implicate a constitutionally-protected liberty interest sufficient to support a due process claim unless the confinement imposes "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

As to his claim against Warden Reddish, Plaintiff should know that supervisory liability has been rejected as a theory of recovery under 42 U.S.C. § 1983. Thus, a defendant who holds a supervisory position or is not directly involved in day-to-day operations of the institution, such as a warden, may not be held liable simply because a correctional institution staff member violated an inmate's constitutional rights. Although personal participation is not specifically required for liability under § 1983, there must be a causal connection between the defendant named

3

and the injury sustained, and that causal connection must be more than the title or job description the supervisory official holds. Here, it appears Warden Reddish is named as a defendant simply because of his position as warden of FSP. Plaintiff does not allege that Warden Reddish personally participated in the alleged use of force, nor does he allege any causal connection between the warden and the injuries he sustained. To the extent Plaintiff's claim against Warden Reddish is based on supervisory liability, he fails to state a claim for relief under § 1983.

To the extent Plaintiff's claim against Warden Reddish is based on the warden's role as a grievance responder, Plaintiff is advised that simply failing to respond to or denying a grievance or complaint does not, in and of itself, make an individual liable for an alleged constitutional violation. See Jones v. Eckloff, No. 2:12-cv-375-Ftm-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (unpublished) ("[F]iling a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied.") (citing Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.")).

Not only does Plaintiff fail to allege any wrongdoing on the part of Warden Reddish, but he also fails to describe how Dr. Gonzalo violated his constitutional rights. The only allegation Plaintiff makes as to Dr. Gonzalo is that Dr. Gonzalo was the treating physician when Plaintiff had a medical visit on May 9, 2018. Notably, the medical visit was not related to the alleged use of force, but rather occurred beforehand. Plaintiff does not allege that Dr. Gonzalo participated in the use of force. Plaintiff also does not allege in his Complaint that Dr. Gonzalo failed to treat him, though in a grievance Plaintiff filed on September 18, 2018 (Doc. 1-1), Plaintiff reported that Dr. Gonzalo "neglect[ed] [his] medical condition." To the extent Plaintiff states that Dr. Gonzalo's neglect is "tantamount [to] malpractice," he is advised that allegations of medical negligence, including negligent diagnosis or treatment, do not state a valid claim for deliberate indifference under the Eighth Amendment.

If Plaintiff chooses to file an amended complaint, he should assess his case and name as defendants only those individuals allegedly responsible for violating his federal constitutional rights. As such, he must identify only the responsible individuals as defendants. Plaintiff must also adhere to the following instructions.

   1. The amended complaint must be marked, "Amended Complaint."

2. The amended complaint must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation(s).

3. The amended complaint must state the full names of each defendant (to the extent Plaintiff knows them) in the style of the case on the first page and in section I.B.

4. The list of defendants named on the first page must match the list of named defendants in section I.B.

5. The amended complaint (or a separate filing) must include current addresses for each defendant so the Court can direct service of process.

6. In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in the alleged violation(s). The allegations should be stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff should separately explain the facts giving rise to his individual claims for relief, and he should clearly state how each defendant is responsible for each alleged violation.[2]

7. In section V, "Injuries," there must be a statement concerning how **each** defendant's action or omission injured Plaintiff.

8. In section VI, "Relief," there must be a statement of what Plaintiff seeks through this action. Plaintiff is advised that this Court may not order his transfer to a different penal institution.

Plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause

---

[2] Plaintiff may attach additional pages if necessary, but he should continue to number the paragraphs for a clear presentation of his factual allegations supporting each claim.

6

> unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing the amended complaint, Plaintiff must ensure his assertions are truthful and he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but instead must truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

The **Clerk** shall send Plaintiff a civil rights complaint form. By **January 4, 2019,** Plaintiff must complete the form, following the instructions provided in this Order and on the form, and mail the amended complaint to the Court for filing. Also by **January 4, 2019,** Plaintiff must mail to the Court one copy of the amended complaint (including exhibits)[3] for each named defendant. Failure to comply may result in the dismissal of this case.

---

[3] Plaintiff may include exhibits, such as grievances or medical records. Plaintiff must individually number each exhibit in the lower right-hand corner of each exhibit. If his first exhibit has multiple pages, he should number the pages 1-A, 1-B, 1-C, etc.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of December, 2018.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

Jax-6
c:   Gerald J. Carter